BRIDGE, BEACH & CO. v. LIVINGSTON, *et al.*

1. BILLS OF EXCHANGE: ENDORSEMENT. Where a bill of exchange was accepted with the condition that it should be paid in installments, it was held that an indorsee of the bill before the maturity of the installments, could not be charged with any equities arising out of the original transaction between the drawer and acceptor.

2. PRACTICE: PLEADING. After a demurrer to a specific statement of the defendant's cause of defense is sustained by the court, judgment may be rendered as for want of answer, unless the defendant pleads over under leave.

3. REMITTITUR. When the judgment of the court below was excessive the excess may be remitted in the Supreme Court, the appellee paying the costs of the appeal.

*Appeal from Fremont District Court.*

SATURDAY, OCTOBER 6.

ON the 23d of March, 1857, Bridge & Bro. drew their

bill of exchange on defendants, requesting them to pay to the order of the cashier of the Platte Valley Bank the sum of $776,36. This bill was assigned to one Brown, and by Brown to plaintiffs, without date. On the 27th of July, 1859, defendants accepted said bill, payable in installments; the first one due in thirty days for $250, the second for a like amount due in sixty days, and the remainder in ninety days. The petition alleges that Brown received the bill before presentment and the plaintiff received it after.

Defendants answered that this bill was drawn for an amount claimed by the drawer to be due on two promissory notes, executed by defendants to the drawer; that certain payments were made upon said notes, neither of which were credited at the time of said acceptance; that said acceptance was made by mistake and procured by the fraud of the party obtaining the same, in representing that all prior credits had been allowed and deducted; and further averring that the party writing the acceptance did not know that said payments had not been credited. To this answer there was a demurrer, which was sustained.

Judgment for plaintiffs, and defendants appeal.

*John A. Kasson* for appellant.

*C. C. Cole* for appellee.

WRIGHT, J.—The demurrer was properly sustained. Granting that the acceptance, because of its special character, would have the effect of discharging the drawers and prior indorsers, it would have no such effect as to the payers and acceptors. The payees, the present plaintiffs, at least took the bill before the maturity of either instrument as fixed by the terms of the acceptance, and as such, were innocent holders, so far as related to any defense of fraud or mistake growing out of the original transaction. Whatever the failure or want of consideration, could make no difference, when it is remembered that plaintiff purchased

at least before the paper was due according to defendant's undertaking and promise with and to the holder. (Story on Bills, sections 187-8, 252.) And this view of the question renders it unnecessary to inquire into the effect of the assignment to Brown upon plaintiffs' right, there being no proof as to when he took the bill, but the presumption being that it was transferred before maturity.

II. After the demurrer was sustained to the answer, we do not understand that anything remained for trial. As we construe the pleadings, the defendants deny that they owe the amount claimed in the petition, and then proceed to state, as they term it, more specifically, why they do not, setting up the matter above considered. This being held insufficient, therefore nothing remained to be tried.

III. It is true that the party, to whose pleading a demurrer is sustained, may amend or plead over, upon terms. If he fail to do so, however, and asks no leave to amend at the time of the determination of the demurrer, but excepts to the ruling thereon, and if no other item of fact remains for trial, judgment may be entered, as for want of an answer. In rendering judgment in this case, therefore, after sustaining the demurrer, there was no error.

IV. The judgment exceeds the amount claimed with interest $7,59; that being remitted, judgment will be affirmed, appellees paying the costs of the appeal. Otherwise, judgment will be reversed and remanded.